```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA
                    (Alexandria Division)

UNITED STATES OF AMERICA,      )
                               )
v.                             )
                               )        1:15CR124(TSE)
MUNEEB AKHTER,                 )
                               )
         Defendant.            )
```

**DEFENDANT'S RESPONSE TO THE POSITION OF UNITED STATES
WITH RESPECT TO SENTENCING**

The Government opposes the three level reduction in Mr. Akhter's adjusted offense level for acceptance of responsibility. Government Memorandum, at page 9. The Government's position is unprecedented. Counsel for Mr. Akhter have neither heard of, nor personally encountered, the Government's objection to a reduction in the offense level for acceptance of responsibility following a defendant's guilty plea stemming from a cooperation agreement and subsequent debriefings in accordance with an agreement.

Further, in the plea agreement the Government obligated itself to support the third point for acceptance of responsibility in the event the probation office concluded Mr. Akhter merited the first two points. Plea Agreement, ¶ 4. Mr. Akhter was entitled to believe the Government was satisfied with his acceptance of responsibility at the time of his plea which necessarily encompassed his conduct up to the point in time the parties entered into the plea agreement. Otherwise, one must conclude the Government was quietly opposed to the award for

1

acceptance of responsibility, but was prepared to abandon this assessment if the probation officer decided against the Government.  If this was the case, however, it would be the first time the Government has been known to defer to the probation office to advocate its interests in a case.  Consequently, Mr. Akhter and counsel were fairly entitled to conclude the Government committed itself to the award for acceptance of responsibility when he pled guilty.

    Now, in derogation of the plea agreement, the Government largely returns to this pre-plea obstructive conduct for support for its opposition to the award of acceptance of responsibility.  This obstructive behavior was precisely what Mr. Akhter already admitted to and pled guilty to in the plea agreement and the statement of facts.  The Government's approach not only calls into question whether the Government itself has breached a provision in the plea agreement, but also, moving forward in other cases, leaves defense counsel to contemplate the added duty to future clients to assure the Government will not rely on the offense conduct to which future clients plead guilty as the ironic grounds for opposition to a finding these defendants have accepted responsibility for such offense conduct.

    Moreover, this obstructive behavior is fully accounted for in the sentencing guidelines calculations and Mr. Akhter is thereby doubly penalized: first he admits the obstruction and

faces an enhancement, second he admits the obstruction and faces a loss of the benefit and logic of pleading guilty in the first place, the award of acceptance of responsibility by pleading guilty.

True, in addition to behavior which preceded his guilty plea, Mr. Akhter was involved in the misuse of a computer at the Alexandria Jail while awaiting sentencing. But there is more to this story. After being successfully chosen to teach GED classes in the jail (and doing so), after completing a public speaking class,[1] and after proposing two computer education classes for inmates,[2] Mr. Akhter began working on a program to allow prisoners to communicate with each other. Admittedly, the dangers which could flow from this activity are obvious to all but the stupendously under-socialized who act out of an internal need to please others.[3] Further, whatever the characterization of Mr. Akhter's use of a computer at the Alexandria Jail may be, this conduct simply does not reach the question whether he has fully and completely accepted responsibility for his offense behavior.

In Mr. Akhter's initial sentencing memorandum counsel made

---

[1] Exhibit 1.

[2] Exhibit 2.

[3] While it is hard to imagine that characterization can be an understatement, in Mr. Akhter's case it's a close call.

the point that they have little expectation a Rule 35 motion will flow from the Government notwithstanding the fact that Mr. Akhter has pled guilty and submitted to two lengthy debriefings. Counsel are only fortified in this conclusion having read the Government's sentencing memorandum.  Mr. Akhter appears before the Court with no prior record and significant accomplishments for a person so young.  Though the Government appears intent on extracting as much as possible from the sentencing hearing, counsel remain hopeful this Court will strike the correct balance when it sentences him.

                                      Respectfully submitted,

                                      Muneeb Akhter
                                      By Counsel

**ECF FILING:**


 /s/
Joseph J. McCarthy
VA Bar # 19006
Counsel for Defendant
Delaney, McCarthy & Colton, P.C.
510 King Street, Suite 400
Alexandria, Virginia  22314
Telephone: (703) 549-9701
Facsimile: (703) 836-4285
E-mail: mccarthy@lawdmc.com


Mark Petrovich
Petrovich & Walsh, P.L.C.
10605 Judicial Drive, Suite A-5
Fairfax, Virginia  22030
703-934-9191 - o
703-934-1004 - f
mp@pw-lawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 21, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

    Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

    /s/
Joseph J. McCarthy
VA Bar # 19006
Counsel for Defendant
Delaney, McCarthy & Colton, P.C.
510 King Street, Suite 400
Alexandria, Virginia  22314
Telephone: (703) 549-9701
Facsimile: (703) 836-4285
E-mail: mccarthy@lawdmc.com

5