IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:15-cr-124 |
| MUNEEB AKHTER, ) | |
| Defendant. ) | |
| ) | |

## ORDER

The matter is before the Court on defendant Muneeb Akhter's *pro se* motion under 28 U.S.C. § 2255 for reduction of his sentence based on allegedly ineffective assistance of counsel at his Rule 35(b), Fed. R. Crim. P., hearing. (Doc. 97).

Defendant pled guilty on June 26, 2015 to (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; (2) conspiracy to access a protected computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i)–(iii), and 371; (3) access of a protected computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i); (4) conspiracy to access a government computer without authorization, in violation of 18 U.S.C. §§ 1030(a)(2)(B), (c)(2)(B)(i)–(iii), and 371; (5) making a false statement, in violation of 18 U.S.C. § 1001(a)(2); and (6) obstruction of justice, in violation of 18 U.S.C. §§ 1503 and 3147(1).

Defendant was sentenced on October 2, 2015 under the 2014 Sentencing Guidelines Manual. Defendant's guideline range was 41–51 months, and he received a 39-month variant sentence. Judgment was entered on October 2, 2015. In June 2016, the government filed a motion for a downward departure pursuant to Rule 35(b)(1), Fed. R. Crim. P. After a hearing on June 24, 2016, the government's motion was granted by order issued on June 24, 2016, and defendant's sentence was reduced to a total of 21 months.

Following the reduction of defendant's sentence, defendant filed a motion under 28 U.S.C. § 2255 on October 14, 2016. Defendant contends that he received ineffective assistance of counsel at his Rule 35(b) hearing because his counsel failed to notify the Court of a guidelines amendment, Amendment 791,[1] which went into effect on November 1, 2015 and which defendant argues would reduce his guideline range and thereby give him a lower sentence. In response, the government argues that defendant's § 2255 motion is time-barred because he filed the motion more than a year after judgment was entered.

The government is correct that defendant's § 2255 motion is untimely. Section 2255 has a one-year limitations period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Defendant's § 2255 clock began to run on the date of judgment, October 2, 2015, because he did not file an appeal. *See* 28 U.S.C. § 2255(f)(1); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a judgement of conviction under § 2255(f) becomes final on the date of the judgment where defendant does not appeal). Because defendant did not file his § 2255 motion until October 14, 2016, more than a year after judgment was entered, his motion is time-barred. *See* 28 U.S.C. § 2255(f). Defendant's argument that his Rule 35(b) hearing on June 24, 2016 reset the clock under § 2255(f)(4), the date on which his counsel was

---

[1] Amendment 791 adjusted the loss amount table in § 2B1.1(b)(1) for inflation. *See* U.S.S.G. App. C. Amend. 791.

2

allegedly ineffective, fails because the Fourth Circuit has held that Rule 35(b) resentencings do "not affect the date on which the judgment of [ ] conviction [becomes] final." *Sanders*, 247 F.3d at 144.[2]

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's § 2255 motion is **DENIED**.

Should defendant wish to appeal, he must do so by filing a written notice of appeal with the Clerk's Office within sixty (60) days of the entry date of this Order, pursuant to Rules 3 and 4, Fed. R. App. P. A written notice of appeal is a short statement that indicates a desire to appeal and notes the date of the Order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to the *pro se* defendant and all counsel of record.

Alexandria, Virginia
April 10, 2017

/s/
T. S. Ellis, III
United States District Judge

---

[2] *See also Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) ("The Fourth, Sixth, Eighth, and Tenth Circuits have held that a Rule 35(b) modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock.").

Moreover, as the government points out, even if defendant's motion were timely, it would still fail because the Fourth Circuit has held that the Sixth Amendment, Equal Protection Clause, and the Due Process Clause do not "provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)." *United States v. Taylor*, 414 F.3d 528, 535–36 (4th Cir. 2005). It is also worth noting that even if defendant sought to reduce his sentence by filing a motion under 18 U.S.C. § 3582(c)(2), that motion would also fail because the guidelines do not designate Amendment 791 as retroactively applicable for § 3582(c)(2) motions. *See* U.S.S.G. § 1B1.10(d) (2016); *see also United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("We agree with several of our sister circuits that have established the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under [§ 1B1.10(d)]."); *United States v. Goines*, 357 F.3d 469, 474, 480 (4th Cir. 2004) (holding that amendments apply retroactively on § 3582(c)(2) motions only if the guidelines designate them as retroactive).

3