Prob 12A (10/16)
VAE (5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Muneeb Akhter　　　　　　　　Docket No. 1:15-CR-00124-TSE-1

### Petition on Supervised Release

COMES NOW BETHANY ERDING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Muneeb Akhter, who was placed on supervision by the Honorable T.S. Ellis, III, sitting in the Court at Alexandria, Virginia, on the 2nd day of October 2015, who fixed the period of supervision at 3 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

*See page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation: Detain**

**ORDER OF COURT**

Considered and ordered this 21st day of November, 2018 and ordered filed and made a part of the records in the above case.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

_____
T. S. Ellis, III
United States District Judge

Digitally signed by Joanne E. Marden
Date: 2018.11.20 16:36:30 -05'00'

_for_ Bethany Erding
Senior U.S. Probation Officer
703-299-2305

Place: Alexandria, Virginia

**TO CLERK'S OFFICE**

OFFENSES: Conspiracy to Commit Wire Fraud (Count 1), in violation of Title 18, U.S.C., § 1349; Conspiracy to Access a Protected Computer without Authorization (Count 2), in violation of Title 18, U.S.C., § 371; Access of a Protected Computer without Authorization (Count 7), in violation of Title 18, U.S.C., §§ 1030(a)(2)(C) and (c)(2)(B)(i),(iii); Conspiracy to Access a Government Computer without Authorization (Count 8), in violation of Title 18, U.S.C., § 371; False Statements (Count 10), in violation of Title 18, U.S.C., § 1001(a)(2); and Obstruction of Due Administration of Justice (Count 12), in violation of Title 18, U.S.C., §§ 1503 and 3147(1).

SENTENCE: On October 2, 2015, the defendant was sentenced to a total term of 39 months incarceration followed by 3 years supervised release with the following special conditions:

1. The defendant shall comply with the requirements of the computer monitoring program as administered and directed by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

2. The defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the probation officer.

3. The defendant shall provide the probation officer access to any requested financial information.

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

5. In the event restitution ($31,375.55) is not paid immediately, defendant must pay restitution as a special condition of supervised release at the rate of at least $100.00 per month, beginning 60 DAYS after his release from imprisonment, with interest waived, as directed by the probation officer. The probation officer may petition the Court to increase or decrease this monthly payment amount, depending upon defendant's financial circumstances at the time of supervised release.

REVOCATION: On July 7, 2017, the defendant appeared before the Court and was found in violation of his supervised release and the term of supervision was revoked. The defendant was sentenced to 15 months incarceration followed by 3 years supervised release under the same terms and conditions previously imposed with the following added special condition: The defendant shall attend mental health counseling as directed by the probation officer.

Petition on Supervised Release
Page 3
RE: AKHTER, Muneeb

MODIFICATION: On September 28, 2018, the Court added the following conditions of supervised release:

1. The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

2. The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his/her employer in the performance of his/her job-related duties.

3. The defendant shall not install new hardware, perform upgrades, or effect repairs on his/her computer system without receiving prior permission from the probation officer -- except for automatic factory updates to approved software.

4. The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

5. The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet - capable device performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider;

6. The defendant shall not have contact with convicted felons including his brother/co-defendant Sohaib Akhter, unless approved by the U.S. Probation Office.

ADJUSTMENT TO SUPERVISION:

Prior to the defendant's initial release from the Bureau of Prisons (BOP) on December 27, 2016, the defendant paid his court fines/fees in full.

As previously noted, the defendant appeared before the Court pursuant to a revocation hearing on July 7, 2017, based on the following alleged violations:

- Failure to comply with the requirements of the mandatory computer monitoring program.

- Failure to be truthful with his probation officer.

- Failure to contact his probation officer by telephone as instructed.

- Failure to report new employment (including self-employment) to his probation officer.

- New law violation: illegally use other individuals' credit card information to complete online purchases for himself.

- Contact with a convicted felon; specifically, his co-defendant Musaddiq Bin Syed Ishaq.

- Second new law violation: tamper with a computer at the Alexandria Detention Center.

Consequently, the defendant was sentenced to serve 15 months incarceration followed by 3 years supervised release.

Initially, the defendant was scheduled to be released from incarceration on July 11, 2018; however, his good time conduct was revoked after he was found in possession of an unapproved electronic device which was sent to him by his brother and co-defendant Sohaib Akhter. Therefore, the defendant's release date was extended until August 15, 2018.

Effective August 15, 2018, the defendant commenced supervision in the Northern District of Texas. On August 22, 2018, the defendant reviewed and signed his conditions of supervision.

On September 28, 2018, the Court held a hearing regarding the modification of the defendant's special conditions. The hearing was held following Mr. Akhter's conduct while in the BOP (possessing and accessing unapproved and unmonitored electronic devices). As a result, the Court modified the defendant's conditions of supervision as noted above.

The defendant currently reports he is unemployed; however, as noted below it appears his company, Warden Systems, is active. Mr. Akhter did comply with a mental health evaluation and additional psychiatric testing was recommended.

As evidenced by the violation data below, it appears the defendant continues to violate the conditions set forth by the Court for which he was previously admonished during prior court proceedings.

VIOLATION DATA:

**STANDARD CONDITION 9/SPECIAL CONDITION 6:**     **THE DEFENDANT SHALL HAVE NO CONTACT WITH CONVICTED FELONS.**

On November 16, 2018, the BOP provided documentation indicating the defendant has maintained verbal and written contact with current inmates, all of whom he was incarcerated with previously.

Based on RemoteCOM computer monitoring reports and documentation received from the BOP, the nature of their contact appears to involve the defendant establishing a "competiting (sic) text service" using the BOP inmate emailing system Corrlinks to launch inmate services and get money "to put towards inmate dating/penpal programs, legal services, and gambling...all from the same service."

Petition on Supervised Release
Page 5
RE: AKHTER, Muneeb

On October 23, 2018, a current federal inmate sent an email to Muneeb Akhter requesting financial assistance for helping the defendant develop his inmate focused program. On October 25, 2018, at 3:27 p.m., Mr. Akhter responded, "sure. I really dont (sic) need the money so you can have everything above expenses. I would like it to be as a monthly donation. Save on taxes and the PO won't suspect it as me working with felons."

**STANDARD CONDITION 2:     FAILURE TO BE TRUTHFUL.**

On October 5, 2018, the defendant submitted monthly supervision reports wherein he answered "yes" to the question, "Did you have any contact with anyone having a criminal record?" However, he only specified contact with his brother and co-defendant, Sohaib Akhter. On October 22, 2018, and November 6, 2018, the defendant submitted written monthly supervision reports wherein he answered "no" regarding having contact with anyone with a criminal record. The answers provided by Mr. Akhter are in direct contradiction to the information received from the BOP and RemoteCOM computer monitoring reports.

**MANDATORY CONDITION:     COMMISSION OF A CRIME-FALSE STATEMENTS.**

As noted above, on October 5, 2018, October 22, 2018, and November 6, 2018, the defendant submitted signed monthly supervision reports whereby he "certified" all the information furnished on the reports were "complete and correct". Written notice near the signature line warns defendants about the associated consequences of submitting a report with false statements, which is in direct violation of Title 18 U.S.C. § 1001.

Considering documentation received from the BOP and RemoteCOM demonstrating the defendant's continued contact with an individual with a criminal record; specifically, a convicted felon, the defendant knowingly made false statements on his monthly supervision reports by failing to disclose contact with a convicted felon, aside from his brother.

**SPECIAL CONDITION 1:  FAILURE TO COMPLY WITH COMPUTER MONITORING ON ANY COMPUTER TO WHICH THE DEFENDANT HAS ACCESS.**

**MODIFIED SPECIAL CONDITION 1 AND 4: USE OF AN UNAPPROVED COMPUTER OR UNAPPROVED SOFTWARE.**

On October 18, 2018, RemoteCOM installed computer monitoring software on the defendant's approved computer. On November 19, 2018, information received from the BOP indicated the defendant had email correspondence with inmates prior to the RemoteCOM installation appointment; specifically, the defendant emailed an inmate on August 30, 2018. Furthermore, several email correspondences provided by the BOP, between the defendant and several inmates, could not be located on the defendant's monitored computer device.

By the defendant's own admission in an email correspondence between he and an inmate on October 19, 2018, the defendant stated, "I got every piece interfacing with corrlinks before they installed monitoring software on my laptop..got it installed 9am today." On October 21, 2018, the defendant acknowledged he concealed his conduct by stating "...my alibi is a startup weekend hackathon...its (sic) from nov 9th-11th..by the time the PO finds out it'll already be completely automated."