## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 1:15-CR-124 |
| | ) |
| MUNEEB AKHTER and | ) |
| SOHAIB AKHTER | ) |

### MEMORANDUM OPINION

The matter is before the Court on Defendant Muneeb Akhter's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255.[1] The government moved to dismiss defendant's petition and defendant responded in opposition. The matter is thus ripe for disposition. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

### I.

#### A. Convictions

On February 27, 2015, a criminal complaint was filed against defendants alleging that they had violated 18 U.S.C. § 1029(a)(2) and (b)(2) by conspiring to traffic in and use one or more unauthorized access devices. *See* Criminal Complaint at 1 (Dkt. 1). On April 30, 2015, a federal grand jury returned a twelve-count indictment against defendants, charging them with:

---

[1] Sohaib Akhter, defendant's brother and co-defendant, also seeks to join defendant's petition. Sohaib Akhter does not make any arguments separate and apart from those raised in the pleadings filed by Muneeb. Accordingly, this Memorandum Opinion will focus on the arguments raised by defendant. The term "defendant" shall refer to Muneeb Akhter. Muneeb and Sohaib Akhter together will be referred to as "the defendants."

1

(i)     conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1)

(ii)    conspiracy to access a protected computer without authorization, in violation of 18 U.S.C. § 371 (Count 2)

(iii)   aggravated identify theft, in violation of 18 U.S.C. § 1028A (Counts 3-6)

(iv)    access of a protected computer without authorization, in violation 18 U.S.C. § 1030(a)(2) (Count 7)

(v)     conspiracy to access a government computer without authorization, in violation 18 U.S.C. § 371 (Count 8)

(vi)    false statements, in violation of 18 U.S.C. § 1001 (Counts 9-11)

(vii)   obstruction of due administration of process, in violation of 18 U.S.C. § 3147 (Count 12).

On June 26, 2015, defendant pled guilty to Counts 1, 2, 7, 8, 10, and 12 of the Indictment. *See* Muneeb Akhter Plea Agreement, dated June 26, 2015 (Dkt. 48). At the plea colloquy on June 26, 2015, defendant confirmed, under oath, that he had read understood, and agreed to all of the provisions of his plea agreement. *See* Transcript of Muneeb Akhter Plea Colloquy at 21:15-22:5(Dkt. 270-1) ("Muneeb Tr."). In his plea agreement, defendant stated that he would "plead guilty because the defendant is in fact guilty of the charged offenses." *Id*. at 2. Defendant further admitted the "facts set forth in the Statement of Facts filed with this plea agreement and . . . that those facts establish guilty of the offenses charged beyond a reasonable doubt." *Id*. He further asserted that he was satisfied with his attorney and that his attorney provided effective assistance. *Id*. at 3. In signing the plea agreement, defendant averred: "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and

voluntarily agree to it." *Id.* at 14.[2]

On October 2, 2015, defendant was sentenced to 36 months on each of Counts 1, 2, 7, 8, and 10 to run concurrently to one another and 3 months on Count 12 to run consecutively to the other counts for a total of 39 months of incarceration. *See* Muneeb Akhter Judgment in a Criminal Case (Dkt. 83) ("Muneeb J&C"). Defendant was also sentenced to a 3-year term of supervised release on each count to which he pled guilty to run concurrently to one another. *See id.*[3]   Defendant's sentence was later reduced to a total term of 21-months in prison pursuant to a motion under Rule 35, Fed. R. Crim. P. *See* Sealed Order, dated June 24, 2016 (Dkt. 94).

### B. First § 2255 Motion To Vacate

On October 14, 2016, defendant filed a motion for relief pursuant to 28 U.S.C. § 2255, challenging his sentence on the ground that his counsel was ineffective for failing to raise Amendment 791 to the sentencing guidelines at his re-sentencing. *See* Muneeb Akhter Motion to Vacate (Dkt. 97) ("First § 2255 Motion to Vacate"). On April 10, 2017, two orders issued denying each defendant's motion. In the Order denying the First § 2255 Motion to Vacate, the Court held that the First § 2255 Motion to Vacate was time-barred, pursuant to 28 U.S.C. § 2255(f), because it was filed more than one year after defendant's

---

[2] That same day his co-defendant and brother pled guilty to Counts 1, 2, and 8 of the Indictment. *See* Sohaib Akhter Plea Agreement, dated June 26, 2015 (Dkt. 51). Co-Defendant Sohaib Akhter's Plea Agreement contains essentially the same terms as Muneeb Akhter's Plea Agreement.

[3] Also, on October 2, 2015, co-defendant Sohaib Akhter was sentenced to a term of imprisonment on 24 months on each of Counts 1, 2, and 8 to run concurrently to each other and a three-year term of supervised release. *See* Sohaib Akhter Judgment in a Criminal Case (Dkt. 85) ("Sohaib J&C").

conviction became final.  *See* Order, dated April 10, 2017 (Dkt. 110) ("Order Denying First § 2255 Motion to Vacate").  The Court expressly declined to issue a certificate of appealability for the Order Denying First § 2255 Motion to Vacate.  *See* Dkt. 112.[4] Defendant did not appeal the denial of his First § 2255 Motion to Vacate.

### C. Second § 2255 Motion to Vacate

Defendant was released from prison on December 27, 2016.[5]  On June 8, 2017, a petition on supervised release was filed with respect to defendant. *See* Petition on Supervised Release, dated June 8, 2017 (Dkt. 113).  The petition alleged that defendant continued to use customer information from his underlying offense to purchase items and to use unauthorized devices.  *See id.*  Defendant was subsequently arrested pursuant to the petition. *See* Arrest Warrant Returned Executed (Dkt. 116). During his detention pursuant to the pending petition in the Alexandria Detention Center, the Probation Office discovered that defendant continued to gain unauthorized access to computers and attempted to establish an intranet system for inmates. Accordingly, an addendum to the petition was filed regarding those alleged violations.  *See* Addendum to Petition on Supervised Release, dated July 5, 2017 (Dkt. 124).

On July 7, 2017, a hearing was held regarding the alleged violations in the petition

---

[4] Co-defendant Sohaib Akhter also challenged his sentence on September 22, 2016, when he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the sentencing guidelines. *See* Sohaib Akhter Motion to Reduce (Dkt. 95).   Similarly, the Court denied Sohaib Akhter's Motion to Reduce because the guideline amendments under which he sought relief did not apply retroactively.   *See* Order, dated April 10, 2017 (Dkt. 111).

[5] His co-defendant and brother was released from prison on October 10, 2017.

and addendum. *See* Minute Entry, dated July 7, 2017 (Dkt. 128). As a result, the Court found defendant to be in violation of his conditions of supervised release. The Court therefore (i) revoked defendant's term of supervised release; (ii) imposed a sanction of 15 months' imprisonment; and (iii) imposed a new three-year term of supervised release. *See* Order, dated July 7, 2017 (Dkt. 129) ("2017 Supervised Release Order").

On October 18, 2017, defendant filed a second motion to vacate pursuant to 28 U.S.C. § 2255, challenging the imposition of the term of supervised release based on ineffective assistance of counsel. *See* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 132) ("Second § 2255 Motion to Vacate"). On December 11, 2017, defendant moved to amend his Second § 2255 Motion to Vacate to add that, because he had assisted the government, his term of supervised release should be terminated. *See* Motion to Amend Relief Sought for § 2255 (Dkt. 133). Thereafter, on April 17, 2018, an Order issued denying both of defendant's motions. *See* Order, dated April 17, 2018 (Dkt. 142) ("Order Denying Second Motion to Vacate"). In the Order Denying the Second Motion to Vacate, the Court held that the sanction for the supervised release violation was proper. *Id.* Defendant appealed the denial of his Second § 2255 Motion to Vacate and, on February 25, 2019, the Fourth Circuit: (i) denied defendant's motion for a stay and for injunctive relief; and (ii) dismissed the appeal as moot because by that time defendant's term of supervised release had already been revoked again. *See United States v. Akhter*, No. 18-6447, Order, dated February 25, 2019 (4th Cir.).

### D. Muneeb's Second Violation and Revocation of Supervised Release

On August 15, 2018, defendant was released from prison after serving the 15-month term of incarceration ordered a sanction in the 2017 Supervised Release Order. On November 21, 2018, a second petition on supervised release was filed charging that defendant continued to violate his conditions of supervised release by maintaining contact with convicted felons, making false statements to the probation officer, and using an unapproved computer. *See* Petition on Supervised Release, dated November 21, 2018 (Dkt. 194) ("Second Petition"). On January 4, 2019, defendant was found in violation of his conditions of supervised release and, as a result, (i) defendant's supervised release was revoked; (ii) defendant was sanctioned with a four-month term of incarceration; and (iii) a new term of supervised release of 32 months. *See* Order, dated January 4, 2019 (Dkt. 210) ("2019 Supervised Release Order").

On January 16, 2019, defendant appealed the 2019 Supervised Release Order, arguing that the 32-month supervised release term exceeded the applicable statutory maximum. On July 19, 2019, the Fourth Circuit vacated the 2019 Supervised Release Order and remanded for the imposition of a new term of supervised release. *See United States v. Akhter*, No. 19-4040, Unpublished Opinion, dated July 19, 2019 (4th Cir.). On August 30, 2019, the Court imposed a new term of supervised release of 17 months, in accordance with the Fourth Circuit's opinion. *See* Order, dated August 30, 2019 (Dkt. 255).

### E. The Current § 2255 Petition

On July 30, 2019, defendant filed a petition in the Fourth Circuit pursuant to 28

U.S.C. § 2244 seeking authorization to file a second or successive § 2255 petition before

the district court alleging the existence of newly discovered evidence that he claims

invalidates his guilty plea. *See In re Muneeb Akhter*, No. 19-298 (4th Cir.).   On August

13, 2019, the Fourth Circuit denied that motion.   *See id.*, Dkt. 9.   Defendant then filed a

motion seeking clarification from the Fourth Circuit regarding its denial of his request for

authorization to file a second or successive § 2255 petition.   The Fourth Circuit denied

that motion as well.   *See id.*, Dkt. 11. Next, defendant filed a motion for reconsideration

of the Fourth Circuit's decision, which was immediately denied.   *See id.*, Dkt. 13.

Despite the Fourth Circuit's clear decision, on August 19, 2019, defendant filed

the instant § 2255 motion. *See* § 2255 Habeas Petition to Withdraw Plea/Vacate

Conviction, dated August 19, 2019 (Dkt. 253) ("Third § 2255 Motion to Vacate").

Defendant asserts that he has "newly discovered evidence" demonstrating that federal

agents: (i) acted in bad faith when they obtained a signed statement from him while

posing as recruiters for a new employment position; (ii) illegally wiretapped his

conversations with his co-defendant; and (iii) wrongfully attempted to coerce defendant

by informing potential employers that defendant was under investigation. *See id.*

Defendant asserts that he "tried to raise these claims to trial attorneys, . . . but chose to

accept a plea instead."   *Id.* at 4.   On the basis of these allegations, defendant seeks to

withdraw his guilty pleas as coerced and involuntary. *Id.*[6]

On October 10, 2019, the government filed its motion to dismiss the petition. *See* Dkt. 270 ("Gov't Motion").   The government argues that the Third Motion to Vacate should be dismissed because: (i) the motion is a second or successive petition; (ii) the motion is untimely; and (iii) defendant's guilty pleas were knowing and voluntary.

On October 15, 2019, defendant filed his response to the government's motion. *See* Defendant's Response to Gov't Motion (Dkt. 273) ("Muneeb Resp."). In his response, defendant argues: (i) that the Third Motion to Vacate is not an unauthorized successive petition; and (ii) that the motion is not untimely because defendant could not have discovered the evidence earlier. Defendant also argues that, if the Third Motion to Vacate is considered a second or successive petition, his motion should be considered a request for reconsideration under Rule 60(b), Fed. R. Civ. P., or as a writ of coram nobis.

## II. Second or Successive Petition

The government first argues that the Third Motion to Vacate should be dismissed as a second or successive habeas petition. Section 2255(h) provides that a second or successive habeas motion must be certified by the appropriate court of appeals to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review.   *See* 28 U.S.C. § 2255(h).

Here, defendant has filed two prior § 2255 habeas motions.   *See* First § 2255

---

[6] On October 18, 2019, co-defendant Sohaib Akhter filed his motion for joinder of parties, seeking to join the arguments made by defendant in the Third Motion to Vacate. Sohaib Akhter has not previously filed a § 2255 motion.

Motion to Vacate; Second § 2255 Motion to Vacate. Both motions were denied. *See*

Order Denying First Motion to Vacate; Order Denying Second Motion to Vacate.

Defendant did not appeal the Order Denying the First Motion to Vacate and his appeal of

the Order Denying the Second Motion to Vacate was dismissed as moot by the Fourth

Circuit. *See United States v. Akhter*, No. 18-6447, Order, dated February 25, 2019 (4th

Cir.).   The Third § 2255 Motion to Vacate is therefore a second or successive petition

and must be authorized by the Fourth Circuit.   *See United States v. Pahutski*, 621 F.

App'x 199 (4th Cir. 2015) (holding that where petitioner sought successive habeas relief

without authorization district court lacked jurisdiction to consider the motion).[7]

Defendant recognized that his Third § 2255 Motion to Vacate was a successive petition

and sought authorization from the Fourth Circuit but was denied.   *See In re Muneeb*

*Akhter*, No. 19-298 (4th Cir.). In the absence of such authorization, this Court lacks

jurisdiction over the Third § 2255 Motion to Vacate.

Despite his acknowledgment that the Third § 2255 Motion to Vacate is a

successive petition, defendant argues that the Third § 2255 Motion to Vacate should be

considered a "first-in-time" petition under *Magwood v. Patterson*, 561 U.S. 320 (2010).

*See* Third Motion to Vacate at 2. In *Magwood*, the petitioner filed a habeas petition

challenging his conviction, was later resentenced, and then filed a second habeas petition

challenging the new judgment. *See id.* at 326-28.   The Supreme Court held that the

---

[7] *See also Harris v. United States*, No. 2:88-cr-76, 2005 WL 1667590, at *5 (E.D. Va. June 16, 2005) ("In the absence of pre-filing authorization from the Court of Appeals, the district court lacks jurisdiction to consider the petition.").

habeas petition challenging the new judgment, after resentencing, was not a second or
successive petition because "the phrase 'second or successive' must be interpreted with
respect to the judgment challenged." *Id.* at 333. Defendant argues that his supervised
release revocation constitutes a new judgment that resets the counter for purposes of his
Third § 2255 Motion to Vacate.

Defendant is incorrect. The sanctions imposed for defendant's violations of
supervised release did not reset the habeas clock pursuant to § 2255 to permit defendant
to challenge his original guilty pleas.   Defendant's argument to the contrary misapplies
*Magwood.* Indeed, to hold otherwise would give defendants an incentive to violate
supervised release in order to restart the clock on their original conviction. As the Fourth
Circuit made clear in *In re Gray*, 850 F.3d 139 (4th Cir. 2017), it is "the newness of the
intervening judgment as a whole that resets the habeas counter to zero." *Id.* at 143. Each
of defendant's habeas petitions have followed the imposition of his new sentence in 2016
and each of his prior habeas petitions have been denied.   There is no intervening
judgment here that would reset the "habeas counter." *Id.* Moreover, even if the
revocation of supervised release reset the habeas counter, it would only do so with
respect to the terms of defendant's supervised release and would *not* permit defendant to
challenge his underlying sentence and conviction.   *See In re Parker*, 575 F. App'x 415
(5th Cir. 2014) (denying authorization for a second petition under *Magwood* because
petitioner's arguments called into question the constitutionality of all of his counts of
conviction and "[n]one of his claims pertain specifically to the new terms of supervised

10

release as to counts 27 and 28").[8]

Defendant seeks only to attack his underlying conviction, not any sanction for a violation of supervised release or re-imposed term of supervised release. Accordingly, there is no intervening judgment as contemplated by *Magwood* and defendant was required to obtain authorization from the Fourth Circuit[9] to file the Third § 2255 Motion to Vacate, which it did not give. This Court therefore lacks jurisdiction over the Third § 2255 Motion to Vacate as a second or successive petition. Thus, the government's motion to dismiss must be granted and the Third § 2255 Motion to Vacate must be dismissed.

### III. Timeliness

The government next argues that the Third § 2255 Motion to Vacate must be dismissed because it is untimely. Section 2255(f) provides that a person serving a federal sentence must move to vacate within a one-year period from when the judgment of conviction becomes final or "the date on which the facts supporting the claim or claims presented could have been discovered." 28 U.S.C. § 2255(f). Defendant argues that his motion is timely because he could not, in the exercise of due diligence, have obtained evidence earlier.

---

[8] *Turner v. Brown*, 845 F.3d 294, 298 (7th Cir. 2017) (holding, post-*Magwood*, that a petition is second or successive "when the petitioner has been resentenced pursuant to a successful first motion, and the new motion challenges only the underlying conviction and not the resentencing").

[9] Indeed, both defendant's application to the Fourth Circuit and the Fourth Circuit's denial of that application demonstrate that the Third Motion to Vacate is a second or successive petition.

In the Third § 2255 Motion to Vacate, defendant argues that four pieces of "newly discovered" evidence undermine his conviction: (i) a "coerced" signed statement from defendant in 2014; (ii) recordings that demonstrate that information was omitted from a federal warrant application in 2014; (iii) illegal wiretaps on Sohaib Akhter's phone in 2014 that were used to obtain the defendants 2015 convictions; and (iv) the government's efforts to deny defendant employment in 2014. *See* Third § 2255 Motion to Vacate. Defendant knew about each of these alleged circumstances well before October 2019 when he filed the Third § 2255 Motion to Vacate and, indeed, knew about each of these circumstances before he entered his guilty pleas. Specifically, in his Third § 2255 Motion to Vacate defendant admits that he was aware of these claims before he entered his guilty pleas. *See id*. at 4 ("Defendant tried to raise these claims to trial attorneys. . ."); Affidavit in Support of § 2255 Motion at 4 (Dkt. 254) ("Muneeb Affidavit") ("I initially intended to have this information used in my defense . . .").

Not only does the Muneeb Affidavit make clear that defendant was aware of the existence of these alleged facts and had discussed them with his attorneys, but defendant had this evidence in his possession until his bond was revoked in 2015 when his copy of the evidence was allegedly destroyed. *See* Muneeb Affidavit at 4. Additionally, each of the items of allegedly "newly discovered evidence" claimed by defendant were matters with which he was intimately involved and aware of before he entered his guilty pleas: (i) a statement made by defendant of which he knew the contents and circumstances in 2014; (ii) a recording by the defendants in their own code, of which he knew the contents, in

12

2014; (iii) a recording made of calls between the defendants of which the defendants were aware in 2014 or 2015; and (iv) the denial of jobs to defendant because of problems with his clearance level in 2014 or 2015 of which defendant was aware. *See* Muneeb Akhter Exhibits A-D (Dkt. 253-1). These alleged facts are not newly discovered evidence.  *See United States v. Cowley*, 814 F.3d 691 (4th Cir. 2016) (holding that additional corroborating witnesses did not constitute newly discovered evidence because the contention that someone else committed the robbery and that persons could corroborate defendant's alibi "have been known to Cowley since before his trial").[10]

Not only are these items of purportedly newly discovered evidence things of which defendants were aware of and intimately involved in prior to their convictions, but the evidence was also in defendant's possession.   Defendant asserts that this evidence was on a "Western Digital Passport Hard-Drive" returned by the FBI in January 2019. Muneeb Affidavit at 3. Those devices, however, were not seized until 2017 when search warrants were issued in connection with defendant's violations of supervised release. *See In re Premises at 7510 Chancellor Way*, No. 17-SW-309, Executed Search and Seizure Warrant, dated June 9, 2017 (Dkt. 3) (specifically noting seizure of "2 Western Digital USB HDDs").[11]   Thus, defendant had access to those devices both before and after his

---

[10] *See also United States v. Seago,* 930 F.2d 482, 489 (6th Cir. 1991) (holding where facts "were known by the defendant at the time of trial" the facts are not newly discovered evidence); *Jones v. Johnson*, 2017 WL 2240572, at *2 (S.D. W.Va. Feb. 24, 2017) (holding that "information that Jones would have known at the time of his trial and his previous § 2255 proceeding" was not newly discovered); *Winkler v. United States*, 2012 WL 6765614, at *10 (W.D. Texas Nov. 1, 2012) (holding that evidence is not newly discovered where "it was well known to defense counsel prior to trial").

[11] Another search warrant was issued at the same time for defendant's car.  *See In re Vehicle Identified as Black-*

convictions.

Defendant argues that he could not, in the exercise of due diligence, access the hard drive before 2019 because the conditions of his release prevented his access. *See* Muneeb Resp. at 3.   To begin with, defendant's argument does not explain defendant's failure to raise such arguments prior to his conviction, on direct appeal, or while serving his sentence.   Moreover, defendant could have moved to modify his conditions of pretrial release if he felt that such modification was necessary to enable him to review the evidence which he now claims is newly discovered.   Defendant was aware that he could move to modify his conditions of supervised release, and did seek modifications on other grounds, that were granted, at least in part, by the Court.   *See* Motion to Modify Conditions, dated January 26, 2017 (Dkt. 104) (not requesting modification in order to complete § 2255 petition); Order Granting in Part and Denying in Part Motion to Modify Conditions, Dated February 22, 2017 (Dkt. 109).[12]   Moreover, defendant's contention that he had difficulty accessing this evidence is "insufficient to support a claim that the evidence is newly discovered." *Sun v. United States*, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004).

In sum, defendant cannot establish that any of the facts raised in the Third § 2255 Motion to Vacate constitute "newly discovered" evidence pursuant to § 2255(f)(4).

---

*Colored Ford Sedan*, No. 17-SW-311, Executed Search and Seizure Warrant, dated June 9, 2017 (Dkt. 3).

[12] Defendant also argues that the *government* impeded him by causing his revocations of supervised release. Defendant is mistaken.   It was defendant's violations of his conditions of supervised release that led to the revocation of that release.

Accordingly, the government's motion to dismiss must be granted and defendant's Third

§ 2255 Motion to Vacate must be dismissed as untimely.

### IV. Defendant's Plea Was Knowing And Voluntary

Even assuming *arguendo*, that defendant's evidence was "newly discovered"

within the meaning of § 2255(f)(4) and was not a second or successive petition, that does

not end the inquiry. To set aside a guilty plea as involuntary, defendant must show that

impermissible government conduct occurred and that such conduct induced him to plead

guilty.  *See United States v. Fisher*, 711 F.3d 460, 465, 467 (4th Cir. 2013).   The

Fourth Circuit has further explained that

> a defendant who was fully aware of the direct consequences of the plea
> must show that (1) "some egregiously impermissible conduct (say, threats,
> blatant misrepresentations, or untoward blandishments by government
> agents) antedated the entry of his plea" and (2) "the misconduct influenced
> his decision to plead guilty or, put another way, that it was material to that
> choice."

*Id*. at 465 (quoting *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006)).

Defendant cannot meet this standard.

To begin with, defendant does not allege facts sufficient to establish government

misconduct. In the Third § 2255 Motion to Vacate, defendant conclusorily alleges that he

was "coerced" into signing a statement in 2014. Defendant does not, however, allege

facts regarding the alleged coercion that he faced. *See United States v. Dyess*, 730 F.3d

354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255

petition may be disposed of without further investigation by the District Court.").

15

Defendant's claim that a federal warrant executed in this case was premised on false statements is similarly vague and conclusory. *See* Muneeb Resp. at 3. Defendant relies on his affidavit to establish that the warrant application contains false statements, yet defendant's affidavit only states that the warrant application failed to note a meeting at his grandmother's house. *See* Muneeb Affidavit at 3 (noting warrant "justified by a false retelling of events (no mention of meeting at grandmother's house)").[13] Yet the warrant application itself notes that: "This is not a complete statement of all the facts and circumstances related to this case." Muneeb Exh. D (Dkt. 253-1). Although in the submitted exhibit, defendant has underlined the phrase "I have not omitted any fact which would tend to negate a finding of probable cause," *id.*, defendant makes no argument that the alleged meeting at his grandmother's house would have negated probable cause or that there was anything false about the statements in the warrant application.[14]

Defendant makes two other allegations of government impropriety which likewise fail to meet his burden under the first *Fisher* prong, namely that defendant's conversations with his co-defendant were illegally wiretapped and that the government

---

[13] To the extent defendant alleges bad faith because the federal agents misled *defendant* (as opposed to the court granting the warrant application), there is no bad faith. Courts have "repeatedly held that law-enforcement agents may actively mislead a defendant in order to obtain a confession." *Valle v. Butler*, 707 F. App'x 391, 399 (7th Cir. 2017).

[14] Similarly, defendant fails to establish that he is entitled an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154, 171 (1978) based on the alleged misconduct with respect to the warrant application.  To establish that he is entitled to a hearing, defendant has the burden of establishing that "(1) the warrant affidavit contained a 'deliberate falsehood' or statement made with 'reckless disregard for the truth' and (2) without the allegedly false statement, the warrant affidavit is not sufficient to support a finding of probable cause." *Fisher*, 711 F.3d at 468 (quoting *Franks*, 438 U.S. at 156).  Defendant has not met this burden, because he has failed to demonstrate that any part of the warrant application is inaccurate or that the warrant is not sufficient to support a finding of probable cause.

prevented him from obtaining employment. With respect to the first allegation, there does

not appear to have been any government action at all.   Defendant alleges that Co-

Defendant Sohaib Akhter's phone came with "pre-installed spyware." Third § 2255

Motion to Vacate at 3. The government then obtained those recordings when it executed

a search warrant. *Id.*   There is no allegation, however, that *the government* installed the

spyware on Sohaib Akhter's phone. *See id.* Based on the meager factual allegations in the

Third § 2255 Motion to Vacate, it appears that, pursuant to a duly executed search

warrant, the government discovered the recordings on the phone and used them in its

case, but that the government did not have any part in the creation of the recordings. It is

therefore difficult to see what part of the government's conduct would be considered

improper.

Similarly, defendant complains that the government informed prospective

employers of their investigation into the defendants. Yet, the evidence that defendant has

submitted demonstrates that this is not the case. *See* Muneeb Exh. D-1 and D-2

(communications with Booz Allen Hamilton Inc. demonstrating that defendant is being

placed on administrative leave and terminated for "providing false or misleading

information in the application/employment process").   Other documents submitted by

defendant, although difficult to read, seem to suggest that defendant's security clearance

caused problems, but defendant has not alleged any facts demonstrating that the

government inappropriately suspended or interfered with his clearance while he was

under investigation. *See* Muneeb Exh. D-3 and D-4. Additionally, assuming that the

17

government *did* inform defendant's prospective employers about its investigation, defendant points to no statute, rule, or case suggesting that this is inappropriate. Accordingly, defendant cannot meet the first *Fisher* prong.

Nor can defendant establish the second *Fisher* prong.   Nowhere in his Third § 2255 Motion to Vacate, Affidavit, or Response to the motion to dismiss, does defendant assert that these alleged acts by the government influenced his decision to plead guilty at all. In recounting his decision to enter a guilty plea, defendant does not mention coercion or misconduct.   Instead, defendant asserts that he pled guilty "due to the evidence being destroyed after his bond was revoked, failure to identify the seized items that may have cloned the information, lack of defense funds, 8-year mandatory minimum sentence if found guilty at trial, and information supporting a 35(b) motion." Third § 2255 Motion to Vacate at 4. As the Fourth Circuit has recognized, "[e]very guilty plea necessarily entails a choice among distasteful options" but a "guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives." *United States v. Faris*, 388 F.3d 452, 457 (4th Cir. 2004).

Importantly, any contention by defendant that he was coerced into entering a guilty plea is belied by his testimony during the Rule 11 plea colloquy and his statements in the plea agreement.   In both the plea colloquy and the plea agreement, defendant averred that his guilty plea was knowing, voluntary, and entered into because defendant is guilty of the crimes to which he was pleading guilty. *See* Plea Agreement at 2; Muneeb Tr. at 21:15-22:5; *id.* at 35:1-15.   Specifically, defendant testified that no one had tried

18

to "force you or pressure you or coerce you in any way to plead guilty in this case." *Id.* at

35:9-11. Based on defendant's sworn testimony at the plea colloquy, the Court found that

defendant's guilty pleas to Counts 1, 2, 7, 8, 10, and 12 were "knowing and voluntary,

and that they are supported by an independent basis in fact" and accepted defendant's

guilty pleas. *Id.* at 73:1-22.

In sum, defendant cannot establish that his plea was unknowing or involuntary

based on alleged government misconduct as required under *Fisher*.[15]   Accordingly, the

government's motion to dismiss must be granted and defendant's Third § 2255 Motion to

Vacate must also be dismissed on this basis.

### V. Other Motions

Co-Defendant Sohaib Akhter seeks to join defendant's Third § 2255 Motion to

Vacate.   To begin with, it is not clear that this motion is appropriate under the Federal

Rules of Civil Procedure.   *See Ayers v. United States*, 205 F.3d 1339, 2000 WL 145197

(6th Cir. Feb. 1, 2000) (unpublished) (holding that defendant's motion to join his co-

defendant's § 2255 petition "was utterly frivolous"). As one court has noted, "[t]he

purpose of a Habeas Corpus motion is to examine whether a petitioner's conviction was

in violation of the Constitution or laws of the United States" such that each defendant's

convictions must be examined individually.   *See United States v. Narducci*, 18 F.

---

[15] Defendant concedes that, if he is not proceeding under *Fisher*, that he must show that he is actually innocent –
which he has failed to do.   *See* Muneeb Resp. at 3. Nowhere does defendant argue that he is actually innocent of the
crimes to which he pled guilty.   Accordingly, if defendant is required to establish actual innocence, his petition
must be dismissed.

Supp.2d 481, 502 (E.D. Pa. 1997). In any event, because defendant's Third § 2255 Motion to Vacate is denied, Co-Defendant Sohaib Akhter's motion to join is moot and must be denied as such.  *See id.*

The defendants have also filed several additional motions related to the Third § 2255 Motion to Vacate, including: (i) a request for subpoenas (Dkt. 274); (ii) a motion for hearing (Dkt. 289); and (iii) a motion to stay Co-Defendant Sohaib Akhter's revocation hearing (Dkt. 292). Because the Third § 2255 Motion to Vacate upon which each of these motions rests has now been denied and dismissed, each of these motions must be denied as moot.

## VI.

For the reasons set forth above, the government's motion to dismiss (Dkt. 270) must be granted. Defendant's Third § 2255 Motion to Vacate must be dismissed as a second or successive petition, as untimely, and because defendant's plea was voluntary and knowing. Moreover, Co-Defendant Sohaib Akhter's motion to join (Dkt. 275) must be denied as moot, along with several other motions related to the Third § 2255 Motion to Vacate.

An appropriate order will issue separately.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel for the government and to defendants at their last address of record.

Alexandria, VA
July 29, 2020

20

/s/

T. S. Ellis, III
United States District Judge